UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RUFUS JOSEPH JOHNSON &
JERRYLEEN JOHNSON, (DECEASED),

    Plaintiffs,

vs.                        CASE NO. 3:07-cv-332-J-16HTS

(C.E.O.) OF MEMORIAL HOSPITAL
& DOCTOR DEAN, AN EMPLOYEE AT
MEMORIAL HOSPITAL,

    Defendants.

**REPORT AND RECOMMENDATION**[1]

    This suit was filed on April 23, 2007, *see* complaint (Doc. #1), along with a request to proceed in forma pauperis. *See* Affidavit of Indigency, attached to the document entitled Notices (Doc. #5; Petition), filed on April 30, 2007. As it did not appear a valid federal claim had been stated, the Court "determined the suit may be subject to dismissal." Order (Doc. #10; Order), entered on May 18, 2007, at 1. Accordingly, the Petition was taken under advisement and an opportunity to file an amended complaint was given. *Id.* at 4-5.

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

In certain situations, Courts may allow litigants to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a). However, to limit the potential incentive for conducting improper litigation, the judiciary can on its own motion dismiss malicious or frivolous cases sought to be prosecuted in forma pauperis. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A frivolous suit is defined as one that "lacks an arguable basis either in law or in fact." *Id.* at 325.

Additionally, a court is to dismiss the case if it "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). Ordinarily, though, at least one opportunity to amend will be afforded "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marks omitted); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1308 n.7 (11th Cir. 2004) (per curiam).

In response to the Order, the Amended Complaint Pursuant to 42 U.S.C. § 1983 (Doc. #12; Amended Complaint) was filed on June 1, 2007. Nevertheless, allegations demonstrating entitlement to relief have not been presented. Mr. Johnson reaffirms that he is bringing suit pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the Constitution in relation to the death of his mother, which was allegedly caused by the drug Cymbalta.

*See, e.g.,* Amended Complaint at [externally numbered] 3, 6. The Amended Complaint also lists the Fifth Amendment as having been violated. *Id.* at [externally numbered] 3.

The allegations contained in the Amended Complaint do not demonstrate a violation of 42 U.S.C. § 1983. *See, e.g, Dinardo v. Palm Beach County Circuit Court Judge*, 199 F. App'x 731, 737 (11th Cir. 2006) (per curiam) ("Section 1983 provides a federal cause of action for a plaintiff alleging [in part] that . . . the act or omission was committed by a person acting under color of state law."). While it is now averred "that[] all the Defendants have acted, and continue to act[,] under color of state la[w]" by virtue of being employed at Memorial Hospital, Amended Complaint at [externally numbered] 9 (capitalization omitted), there is no indication that Memorial Hospital is anything but a private entity. *Cf. Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks omitted)).

Claims have also not been stated under the Fifth, Eighth, and Fourteenth Amendments to the Constitution. *See, e.g., Parker v. Atlanta Gas Light Co.*, 818 F.Supp. 345, 348 (S.D. Ga. 1993) ("Without a finding that defendant's action constituted state action, defendant, a private actor, is not subjected to

- 3 -

constitutional limitations contained in the . . . Fifth Amendment[]."); *Kohl v. U.S. Postal Serv.*, 115 F. App'x 49, 52 (Fed. Cir. 2004) (per curiam) ("The Eighth Amendment is directed only to the actions of 'those entrusted with the criminal-law function of government.'" (quoting *Whitley v. Albers*, 475 U.S. 312, 318 (1986))); *Madry v. Sorel*, 558 F.2d 303, 304 (5th Cir. 1977) (In general, "[i]n order to set forth a cause of action under the Fourteenth Amendment, i[t] is necessary to allege that one's constitutional rights were infringed upon as a result of state action since the Fourteenth Amendment does not prevent invidious discrimination by private parties." (internal quotation marks omitted)).

Finally, as the Court previously observed, claims of negligent medical care and breach of contract, *see* Amended Complaint at [externally numbered] 7-8, are not cognizable under federal law. *See*, *e.g.*, *Selensky v. Mobile Infirmary*, Civil Action 06-0217-WS-M, 2006 WL 1663668, at *2 (S.D. Ala. June 12, 2006) (Medical malpractice is a "state law cause[] of action [that does not] set[] forth a colorable basis for federal jurisdiction in an action between non-diverse parties."); *Eres v. County of Alameda*, No. C-96-2094 MHP, 1999 WL 66519, at *7 (N.D. Cal. Feb. 1, 1999) ("[T]here is no federal cause of action for negligence[.]"); *Hardaway v. King*, No. 2:05-CV-399 PS, 2006 WL 345027, at *1 (N.D. Ind. Feb. 14, 2006) ("Breach of contract is a state, not a federal

cause of action."). Likewise, wrongful death actions are matters of state law. *Cf. Cantu v. Bay Area Healthcare Group, Ltd.*, Civil Action No. V-05-95, 2007 WL 951624, at *1 (S.D. Tex. Mar. 28, 2007) (remanding wrongful death action for lack of "federal subject matter jurisdiction").

## RECOMMENDATION

For the foregoing reasons, it is recommended the Petition (Doc. #5) be **DENIED** and this case **DISMISSED** pursuant to 28 U.S.C. § 1915 without prejudice to the filing of a prepaid complaint.

**DONE AND ENTERED** at Jacksonville, Florida, this 18th day of June, 2007.

/s/     Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

The Honorable John H. Moore II
Senior United States District Judge

Counsel of Record and
    pro se parties, if any